# THE ATTORNEY GENERAL
## OF TEXAS
**AUSTIN 11, TEXAS**



Grover Sellers

~~XXXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. A. C. Foster
County Attorney
Haskell County
Haskell, Texas

Opinion No. O-5798
Re: Necessity of holding elections in order to fix tax rate in consolidated school district.

Dear Mr. Foster:

We have your request for opinion, which is as follows:

"I am writing you for an opinion pertaining to tax rates in a consolidated school district.

"Last August the Plainview Common School District of Haskell County voted to consolidate with the Paint Creek Rural High School District of Haskell County. However there was no election had pertaining to the assumption of the bonded indebtedness of the Paint Creek School Dist. by the Plainview C.S. District and there was no election held to increase the 50 cent tax rate of Plainview C.S. Dist. to the $1.00 tax rate of the Paint Creek Rural High School District.

"Was it necessary to have one or both elections before the Commissioners Court could legally fix the rate at $1.00 in the consolidated district including the property previously in the Plainview C.S. Dist."

We think your question may be answered by a reference to the statutory law now in full force and effect.

Article 2807, Vernon's Revised Civil Statutes, provides as follows:

"If at the time of such proposed consolidation there are outstanding bonds of any of such districts, then at an election held for that purpose on some future day, there shall be, or at the election held for the purposes of consolidation, there may be, submitted to the qualified tax paying voters of such proposed consolidated district the question as to whether or not the said consolidated district

shall assume and pay off said outstanding bonds
and whether or not a tax shall be levied therefor.
If said election on the question of assuming said
outstanding bonds is held on the day upon which
the election on the question of consolidation is
held, there shall be separate notices, ballots,
and ballot boxes and tally sheets, for the two
separate elections. If a majority of said voters
should vote at either of said elections to assume
and pay off said bonded indebtedness, then said
bonded indebtedness shall become valid and sub-
sisting obligations of said consolidated district,
and the proper officers thereof shall annually
thereafter levy sufficient taxes to pay the in-
terest thereon as it accrues and to create a sink-
ing fund which in addition to the sinking funds
already accumulated in the original bonded dis-
trict will pay off and retire the said outstanding
bonds when they shall become due."

Insomuch as at the time of the consolidation of the
Plainview Common School District and the Paint Creek Rural
High School District there was an outstanding bonded indebted-
ness of the Paint Creek Rural High School District it is clear
from a perusal of the statute above set out that an election
should be held wherein the question is submitted to the quali-
fied taxpayers of such consolidated district the question as
to whether or not the said consolidated district shall assume
and pay off said outstanding bonds and whether or not a tax
shall be levied therefor.

Article 2815c of V.R.C.S. of Texas is as follows:

"Sec. 3. When the boundaries of any school
district having an outstanding bonded indebtedness
have been changed or its territory divided or two or
more such districts consolidated, it shall be the
duty of the County Board of Trustees to make such an
adjustment of such indebtedness and district proper-
ties between the districts affected and between the
territory divided, detached or added, as may be just
and equitable, taking into consideration the value
of the school properties and the taxable wealth of
the districts affected and the territory so divided,
detached or added, as the case may be. And when
said Board has arrived at a satisfactory basis of
such an adjustment, it shall have the power to make
such orders in relation thereto as shall be conclu-
sive and binding upon the districts and the territory
thereby affected.

"Sec. 4. To carry into effect orders adjusting bonded indebtedness when changes are made in school districts, the County Board of Trustees shall have the power to order the trustees of the districts affected, to order an election for the issuing of such refunding bonds as may be necessary to carry out the purpose of such order; and, in such case, it shall be the duty of the district trustees to order such election, cause the same to be held, and if the proposition is carried, to issue the bonds voted. Such bonds shall be of the same denomination and carry the same interest rate and mature at the same time as the outstanding bonds owing by the district issuing them; and when so issued, shall, if possible, be exchanged for the outstanding bonds for which the district issuing them shall still be liable, according to the order adjusting such indebtedness; and in cases where such an exchange can not be made, the new bonds of the district, to the amount of the old bonds for which it is still liable, and for which no exchange can be made, shall be deposited in the County Treasury to the account of such district. Thereafter taxes shall be levied and assessed only for the payment of the interest, sinking fund and principal of the new bonds so issued; and the funds arising from such taxation shall be used to discharge the principal and interest of such new bonds as have been issued and exchanged, and such old bonds as have not been exchanged. When taxes are collected applicable to new bonds not exchanged and the proceeds applied to payment on old bonds not exchanged, the corresponding new bonds in the County Treasury shall be credited with such payment and retired as the old unexchanged bonds are retired.

"Sec. 5. In cases where changes are made in districts having outstanding bonded indebtedness and where the necessary refunding bonds are voted down or where the County Board of Trustees are otherwise unable to arrange an adjustment or settlement of such bonded indebtedness, it shall be the duty of the trustees to certify the fact and the territories affected by such changes, to the Commissioners' Court and thereupon it shall become the duty of the Commissioners' Court to thereafter annually levy and cause to be assessed and collected from the taxpayers of such districts as they existed before the changes were made, the tax necessary to pay the interest, the sinking fund and discharge the principal of such indebtedness as it matures. And it shall be the duty of each independent school district so affected, to cause all funds in its hands, whether

sinking funds or otherwise, which have been collected on account of such bonded indebtedness to be transferred to the County Treasurer of the county in which such district is situated and such district shall thereafter cease to levy and collect any tax on account of such bonds; and it shall be the duty of the County Treasurer to keep the funds so transferred and those arising from taxation, in separate accounts and apply the same only to the discharge of such bonded indebtedness and the interest thereon, as the same matures.

"Sec. 6. Nothing in the provisions of this Act shall prevent the County Board of Trustees from arranging any other method for the adjustment and settlement of outstanding bonded indebtedness of school districts in which changes are made, but they shall have full power and authority to make any legal and equitable adjustment and settlement in such cases that can be effected."

We think the answer to your question is to be found in the above quoted statutory law and that said statutory enunciation is so plain as to require no construction by us. However, if any further questions should arise in connection with this matter, we shall be very glad indeed to help you solve same to the very best of our ability.

Very truly yours

ATTORNEY GENERAL OF TEXAS

/s/ George P. Blackburn
George P. Blackburn,
Assistant

APPROVED FEB 1, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        OS, CHAIRMAN

GPB:AMM:wb